UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Application for the Determination of Interim License Fees for<br><br>MAJOR MARKET RADIO, LLC, a Nevada limited liability company; GOLDEN STATE BROADCASTING, LLC, a Nevada limited liability company; and SILVER STATE BROADCASTING, LLC, a Nevada limited liability company. | No. 18 CV 4255 (DLC) (MHD)<br><br>APPLICATION FOR THE DETERMINATION OF INTERIM LICENSE FEES FOR MAJOR MARKET RADIO, LLC; GOLDEN STATE BROADCASTING, LLC; AND SILVER STATE BROADCASTING, LLC |
| Related to<br><br>UNITED STATES OF AMERICA<br>     Plaintiff,<br>v.<br>AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS,<br>     Defendant. | No. 41 CV 1395 (DLC) (MHD) |

MAJOR MARKET RADIO, LLC ("Major Market"); GOLDEN STATE BROADCASTING, LLC ("Golden State"); and SILVER STATE BROADCASTING, LLC ("Silver State") (collectively "Applicants"), hereby apply, pursuant to Section IX(F) of the Second Amended Final Judgment, *United States v. Am. Soc'y of Composers, Authors & Publishers*, Civ. No. 41-1395 (S.D.N.Y. June 11, 2001) ("AFJ2"), for a determination of interim license fees for Applicants' public performances of all music works in the repertory of the American Society of Composers, Authors and Publishers ("ASCAP").  Applicants request an interim fee determination for the periods on or around September 14, 2009 to August 21, 2012 and, prospectively, for the

period beginning April 16, 2018, pursuant to Applicants' written request to ASCAP made on that date.

## THE PARTIES

1. ASCAP licenses the musical works of approximately 660,000 songwriter, composer and music publisher members. These works span a wide array of genres including, *inter alia*, pop, rock, alternative, country, R&B, jazz, gospel, Christian, dance, opera, and classical. Presently, ASCAP's repertory contains in excess of 10 million musical works. ASCAP is an unincorporated association and distributes royalties collected for the public performance of its members' musical works, less its administrative fees, expenses and other deductions, to its members.

2. Collectively, Applicants own and operate three broadcast radio stations in California and Nevada. Golden State, a Nevada limited liability company, owns and operates radio station KREV (92.7 FM) in Alameda, California. Silver State, a Nevada limited liability company, owns and operates radio station KFRH (104.3 FM) in North Las Vegas, Nevada. Major Market, a Nevada limited liability company, owns and operates radio station KRCK (97.7 FM) in Mecca, California.

## JURISDICTION

3. This Court has ongoing jurisdiction over the determination of reasonable license fees for the public performance of works in the ASCAP repertory pursuant to Sections IX and XIV of AFJ2.

4. On April 16, 2018, Applicants requested a blanket public performance license from ASCAP to cover all broadcast of works in the ASCAP repertory on their three radio stations.

5. Applicants have not yet been able to secure the requested prospective license from ASCAP.

6. Applicants commence this proceeding pursuant to Section IX(F) of AFJ2, which provides that "when a music user has the right to perform works in the ASCAP repertory pending the completion of any negotiations or pending proceedings provided for in Section IX(A) of this Second Amended Final Judgment," either the music user or ASCAP "may apply to the Court to fix an interim fee pending final determination or negotiation of a reasonable fee."

## FURTHER RELEVANT FACTS

7. For the period beginning on or around September 14, 2009 to August 21, 2012, Applicants have requested a blanket public performance license from ASCAP. In response to Applicants' requests, ASCAP has demanded a patently unreasonable licensing fee from Applicants for that period. The licensing fee demanded by ASCAP for the period on or around September 14, 2009 to August 21, 2012 is not only unreasonable but is also violative of AFJ2 and the related agreements and orders thereunder.

8. ASCAP has used Applicants' non-payment of the disputed and unreasonable amount they erroneously claim is indisputably owed for the period beginning on or around September 14, 2009 to August 21, 2012 as pretense to argue that Applicants are not entitled to a prospective license for the period beginning on April 16, 2018.

## RELIEF REQUESTED

9. While negotiations are ongoing, Applicants and ASCAP have been unable to reach agreement on either interim or final license fees for Applicants. In advance of the filing of an application for the determination of final fees, Applicants hereby respectfully request, pursuant to

Section IX(F) of AFJ2, that the Court set interim license fees for public performances of ASCAP music by the Applicants pending final negotiation or determination of reasonable license fees.

                                        Respectfully submitted,

                                        ADLI LAW GROUP, P.C.

Dated: May 11, 2018                By: _____
                                              Dariush G. Adli (CA Bar No. 204959)
                                                 adli@adlilaw.com
                                              Drew H. Sherman (CA Bar No. 237045)
                                               drew.sherman@adlilaw.com
                                              Jeremy L. Ross (CA Bar No. 294582)
                                               jeremy.ross@adlilaw.com
                                            444 South Flower Street, Suite 3100
                                            Los Angeles, California 90012
                                            Phone: (213) 623-6546
                                            Fax: (213) 623-6554
                                            Attorneys for Applicants, MAJOR MARKET RADIO, LLC; GOLDEN STATE BROADCASTING, LLC; AND SILVER STATE BROADCASTING, LLC
                                            Pro Hac Vice Motions Pending